# Exhibit E

# Internal Dispute Resolution and Arbitration

The company encourages you to bring work-related concerns to management's attention. This policy describes a range of problem-solving options and resources available to you.

## Overview

UnitedHealth Group values each employee and looks forward to good relations with, and among, all employees and between employees and management. However, even in the best of relationships, misunderstandings and concerns may sometimes occur. UnitedHealth Group believes that workplace concerns are best resolved through open and candid discussions between employees or between employees and managers, and employees are encouraged to discuss any concerns as soon as they arise.

In the event that an employee cannot resolve their issue informally, UnitedHealth Group's Internal Dispute Resolution (IDR) and Arbitration policy provides the opportunity to receive a prompt and objective review. These problem-solving processes enable efficient resolution of employment issues without fear of reprisal and without lengthy delays.

There are up to three steps under the Internal Dispute Resolution (IDR) process, with most concerns or appeals starting at Step 1. An employee can initiate the IDR process by contacting his/her manager or HRdirect. There are exceptions to the standard three (3) step process: an IDR related to an employee's common review rating or Corrective Action Plan (CAP) will start and end at Step 2 and a former employee can initiate a Step 3 IDR, appealing their termination of employment by contacting HRdirect.

The Internal Dispute Resolution (IDR) process cannot be used to dispute Company policies or a "meets expectations" or better performance rating.

## Applies to

This policy applies to all United States-based employees of UnitedHealth Group, except those who are covered under a Collective Bargaining Agreement that outlines a separate process for addressing concerns.

## Internal Dispute Resolution (IDR)

There are typically three (3) steps in the Internal Dispute Resolution (IDR) process. Details of each step follow. Refer to Internal Dispute Resolution (IDR) Process Exceptions section below to understand the IDR process for common review ratings, Corrective Action Plans (CAP) and terminations of employment.

### Step 1

- Employee completes an Internal Dispute Resolution Filing Form, including a written statement of their concern and supporting documentation no later than 20 days from the decision/action that raised their concern.
- Employee provides a copy of the completed IDR Filing Form to their manager and to HRdirect.
- If requested by the employee or manager, a meeting or teleconference (if employee and manager are in different locations) may be scheduled, usually within 20 days from receipt of the Step 1 form, to discuss the issue. The requestor, with the assistance of HRdirect if necessary, is responsible for scheduling this meeting.

- Either the employee or manager can request that a HRdirect Employee Relations Specialist attend this meeting.
- The manager reviewing the concern will use an Internal Dispute Resolution Response Form to provide a written response, usually within 20 days of the meeting.
- Please note that if the issue involves an allegation of discrimination, harassment or retaliation by the manager against the employee, the employee should contact HRdirect to assist them in determining an appropriate Step 1 reviewer.

**Step 2**

If, after receipt of the IDR Step 1 response, the employee does not agree with the resolution or the decision, they may proceed to Step 2 of the IDR process. The Step 2 appeal should be submitted in writing to HRdirect within 10 days from receiving a written response to their Step 1.

- The employee may appeal the Step 1 response (or initiate a challenge to a Common Review "needs improvement" rating or a Corrective Action Plan) by completing the Internal Dispute Resolution Appeal Form. The appeal form should address why they disagree with the proposed resolution and include the prior IDR Form and response, and any additional facts or documentation necessary to support their position. The Form should be submitted to HRdirect. Only new or additional documentation, which was not submitted in Step 1, should be included with the Internal Dispute Resolution Appeal Form in Step. 2. Typically, the Step 2 reviewer will be the employee's second level manager; however, HRdirect will determine the most appropriate party to review the Step 2 appeal.
- If requested by the employee or manager, a meeting or teleconference (if employee and manager are in different locations) may be scheduled, usually within 20 days from receipt of the Step 2 form, to discuss the issue. The requestor, with the assistance of HRdirect if necessary, is responsible for scheduling this meeting.
- Either the employee or manager can request that a HRdirect Employee Relations Specialist attend this meeting.
- The manager reviewing the concern will use an Internal Dispute Resolution Response Form to provide a written response usually within 30 days of the meeting.

Note: If an employee does not file a request for Step 2 review within 10 days after receiving the written response to Step 1, the company will presume that the employee was satisfied with the Step 1 resolution and no further review will be granted.

**Step 3**

If, after receipt of the IDR Step 2 response, the employee does not agree with the resolution or the decision, they may proceed to Step 3 of the IDR process. However, disputes related to Common Review "needs improvement" ratings and Corrective Action Plans (CAPs) are not eligible for a Step 3 appeal. The Step 3 appeal should be submitted in writing to HRdirect within 10 days from receiving a written response to their Step 2.

- The employee may appeal the Step 2 response (or initiate a challenge to employment termination) by completing the Internal Dispute Resolution Appeal Form (addressing why they disagree with the proposed resolution and including all prior IDR forms and responses, and any additional facts or documentation necessary to support their position) and submit it to HRdirect. Only new or additional documentation which was not submitted in Step 1 or Step 2 should be included with the Internal Dispute Resolution Appeal Form in Step. 3. Typically, the Step 3 reviewer will be the employee's department head, site manager, business unit Vice President, or Human Capital Partner. HRdirect Employee Relations, in conjunction with the business unit Human Capital Partner, will determine the most appropriate party to review the Step 3 appeal.
- A meeting or teleconference (if employee and senior level manager are in different locations) will be scheduled by HRdirect Employee Relations, usually within 20 days from receipt of the Step 3 form, to discuss the issue. All Step 3 meetings/teleconferences will be facilitated by a HRdirect Employee Relations Case Manager.

- "The senior manager reviewing the concern will use an Internal Dispute Resolution Response Form to provide a written response usually within 30 days of the meeting.
- Step 3 responses are the final review in the IDR process and considered final and binding on both parties, except that the employee may request arbitration in accordance with the UnitedHealth Group Employment Arbitration Policy for those issues subject to the policy.

Note: If an employee does not file a request for Step 3 review within 10 days after receiving the written Step 2 response, the company will presume that the employee was satisfied with the Step 2 resolution and no further review will be granted. If your complaint involves reviewer

## Internal Dispute Resolution (IDR) Process Exceptions

Most concerns or appeals begin at Step 1; however the following are exceptions.

### Corrective Action Plans (CAPs) and Common Review Ratings

In the case of CAPs or common review ratings of "needs improvement" the appeal process will automatically begin, and end, at Step 2.

- Prior to submitting the Internal Dispute Resolution Appeal Form, the employee must first submit comments in Employee Self-Service in response to the CAP or common review "needs improvement" rating. The employee must do this within 10 days of receiving the CAP or "needs improvement" rating. Once comments are submitted, the employee should schedule a meeting with their immediate manager to review and discuss the additional information. This meeting should typically take place within 10 days of adding the comments to Self Service.
- If then there is no resolution after conversation(s) between the employee and manager, the Internal Dispute Resolution Appeal Form should be submitted in writing to HRdirect within 10 days from the date the conversation took place between the employee and their manager. Once submitted, the process will proceed according to the standard Step 2 process outlined above. There is no appeal to Step 3 related to CAPs and common review ratings.

Note: An IDR cannot be filed if an employee receives a "meets expectations" or better rating on their common review.

### Termination

Appeals regarding termination only have one step; they begin, and end, at Step 3.

In the case of employment termination, the former employee should submit the Internal Dispute Resolution Appeal Form to HRdirect within 20 days from the employee's last date of employment. The form should address why the employee disagrees with their termination with a proposed resolution and include any facts or documentation necessary to support their position. Once submitted, the process will proceed according to the standard Step 3 process outlined above.

## Arbitration

UnitedHealth Group believes that resolution of disagreements is best accomplished by using the Internal Dispute Resolution (IDR) process and, where that fails and a legal claim exists, through arbitration based on the rules of the American Arbitration Association.

Employees and UnitedHealth Group benefit from the use of private arbitration because it usually results in quicker, less costly resolution of disagreements than litigation. For the benefit of all parties involved, UnitedHealth Group requires all employees to agree to submit most employment-related legal claims to arbitration as a condition of employment.

The UnitedHealth Group Employment Arbitration Policy is a binding contract between each employee and UnitedHealth Group. Arbitration is the exclusive forum for the resolution of all employment-related legal disputes, including termination of employment, except those claims specifically excluded under the terms of the Policy. Arbitration decisions are final and binding upon both the employee and UnitedHealth Group. A copy of the official Employment Arbitration Policy can be found by following the link below:

- Employment Arbitration Policy

Employees are strongly encouraged to use the IDR process prior to requesting arbitration.

Any party to the dispute may initiate the arbitration process. A separate claims appeal process applies to certain benefit-related claims. Further information about benefit claims appeals can be found under the specific benefit within the Benefits Handbook found on the HRdirect Portal (e.g. medical, vision, dental, 401(k), etc.).

Employees who request arbitration for an employment related legal dispute must submit a completed Demand for Arbitration. Employees should include any documentation that supports their claim and copies of all prior IDR filings and responses. A $25 check or money order payable to "UnitedHealth Group Incorporated" must accompany this form. Return completed form to:

Corporate Legal Department
UnitedHealth Group, Mail Route MN008-T502
9900 Bren Road East
Minnetonka, Minnesota 55343

The rules and procedures to be used by the parties for arbitration are generally based on the Employment Dispute Resolution Rules of the American Arbitration Association (AAA). The arbitrator follows the rules of law of the state that is the employee's principal place of work (or the law of Minnesota, if UnitedHealth Group is the complainant), any applicable Federal law, and the rules as stated in the policy. The arbitrator has the authority to grant any remedy or relief that the arbitrator deems just and equitable and is authorized by and consistent with the applicable law, including applicable statutory limitations on damages.

The arbitrator does not have the authority to award damages or penalties to any entity or individual who is not a party to the arbitration. If authorized by and consistent with applicable law, the arbitrator will have the authority to award attorneys' fees to the prevailing party if the arbitrator finds that the claim or defense was frivolous, without merit or was not submitted in good faith. If response takes too long

## Confidentiality

The company has an open door policy which recommends that you speak with your supervisor about your issue. If this meeting isn't successful, you can go through the formal steps outlined in the Internal Dispute Resolution Policy (IDR).

Only those directly involved in reviewing your complaint will be aware of the complaint.

**Viewing other complaints**

Is it possible to look at complaints filed by other people?
All complaints are confidential. The reviewers will take into consideration other similar complaints.

## Forms and Guides – Workplace Practices

- Demand for Arbitration
- Internal Dispute Resolution Appeal Form
- Internal Dispute Resolution Filing Form
- Internal Dispute Resolution Response Form