UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MAXIM LITVINOV, on behalf of himself and all others similarly situated, | : : : |
| Plaintiff, | : 13 Civ. 8541 (KBF) |
| - against - | : : |
| UNITEDHEALTH GROUP INC., | : : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS THE COMPLAINT**

*Of Counsel:*

Christopher H. Lowe
John T. DiNapoli

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
UnitedHealth Group Inc.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT.............................................................................................................................2

    I.   The Undisputed Facts Establish That Mr. Litvinov and Ms. Lewis Agreed to Arbitrate Their Claims Against UnitedHealth ................................................................................2

    II.  Mr. Litvinov's and Ms. Lewis's Unsupported Denials Are Insufficient to Create a Genuine Issue of Material Fact ......................................................................................5

    III. Mr. Litvinov's Failure to Challenge His Agreement to the Arbitration Policy in *Torres* Bars Him From Doing So Here..............................................................................8

    IV. The National Labor Relations Act Does Not Trump Enforcement of the Arbitration Policy Under the Federal Arbitration Act......................................................................9

CONCLUSION.........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006) ................................................................................................3

*Brown v. St. Paul Travelers Cos.*,
    331 F. App'x 68 (2d Cir. 2009) ...........................................................................................6

*Brown v. St. Paul Travelers Cos.*,
    559 F. Supp. 2d 288 (W.D.N.Y. 2008)................................................................................6

*Chanchani v. Salomon/Smith Barney, Inc.*,
    No. 99 Civ. 9219(RCC), 2001 WL 204214 (S.D.N.Y. Mar. 1, 2001) .................................4

*D.R. Horton*,
    357 NLRB No. 184 (Jan. 3, 2013) .......................................................................................9

*D.R. Horton v. NLRB*,
    737 F.3d 344 (5th Cir. 2013) ..........................................................................................9, 10

*Dixon v. NBCUniversal Media LLC*,
    947 F. Supp. 2d 390 (S.D.N.Y. 2013)................................................................................10

*Hergenreder v. Bickford Senior Living Group, LLC*,
    656 F.3d 411 (6th Cir. 2011) ............................................................................................4, 5

*Hoffmann-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) .............................................................................................................8

*L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*,
    198 F.3d 85 (2d Cir. 1999) (per curiam) .............................................................................8

*Manigault v. Macy's East, LLC*,
    318 F. App'x 6 (2d Cir. 2009) .............................................................................................3

*Manning v. Energy Conversion Devices, Inc.*,
    833 F.2d 1096 (2d Cir. 1987)...............................................................................................5

*McElmurry v. U.S. Bank Nat'l Ass'n*,
    495 F.3d 1136 (9th Cir. 2007) .............................................................................................8

*Oppenheimer & Co. v. Neidhardt*,
    56 F.3d 352 (2d Cir. 1995) ...............................................................................................3, 5

*Owen v. Bristol Care, Inc.*,
    702 F.3d 1050 (8th Cir. 2013) .............................................................................................9

*Sutherland v. Ernst & Young LLP*,
　726 F.3d 290 (2d Cir. 2013) ........................................................................................ 9, 10

*Thomas v. Public Storage, Inc.*,
　No. 12 Civ. 8804(LTS), 2013 WL 3940857 (S.D.N.Y. July 31, 2013) ............................... 3, 7

*Torres v. United Healthcare Services, Inc.*,
　920 F. Supp. 2d 368 (E.D.N.Y. 2013) ..................................................................... 8, 9, 10

**STATUTES**

9 U.S.C. § 4 ........................................................................................................................... 6

29 U.S.C. § 216(b) ................................................................................................................. 8

**PRELIMINARY STATEMENT**

Mr. Litvinov's and Ms. Lewis's own declarations doom their opposition to UnitedHealth's motion to compel individual arbitration and dismiss the Complaint. They concede or do not dispute numerous facts that establish their agreement to arbitrate all claims against UnitedHealth on an individual basis:

- They admit receipt of UnitedHealth's offer letter, which states that the Arbitration Policy "is a binding contract between you and UnitedHealth Group to resolve all employment-related disputes that are based on a legal claim through arbitration" and that "[b]y accepting employment, you will have agreed to all terms of this offer letter and its attachments." (Litvinov Decl. ¶ 2; Lewis Decl. ¶ 2; Ray Decl. Exs. B, L.)

- They admit receipt of UnitedHealth's offer letter before starting their employment and accepted the offer. (*See* Litvinov Decl. ¶¶ 1-2; Lewis Decl. ¶¶ 1-2.)

- They do not deny electronically acknowledging UnitedHealth's Employee Handbook. (*See* Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7.)

- They do not deny that the Employee Handbook described and contained, via an electronic link, the Arbitration Policy. (*See* Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7.)

- They do not deny attending New Employee Orientation. (*See* Litvinov Decl. ¶ 7; Lewis Decl. ¶ 6.)

- Ms. Lewis does not deny that her signature appears on the very same page of a document titled "Employment Arbitration Policy," which notes she is required to arbitrate her claims against UnitedHealth and acceptance or continuation of employment would be deemed to be an acceptance of the Arbitration Policy. (*See* Lewis Decl. ¶¶ 1-8; Ray Decl. Ex. N.)

- Ms. Lewis does not deny that the Arbitration Policy accompanied her offer letter. (*Compare* Lewis Decl. ¶¶ 2-3 *with* Litvinov Decl. ¶¶ 2-3.)

These undisputed facts—standing alone—are sufficient for this Court to compel individual arbitration without the need for a jury trial on this issue.[1] The balance of Plaintiffs'

---

[1] While Plaintiffs have demanded a jury trial on this issue, it is important to note that Mr. Litvinov's Complaint waives a jury trial in the case.

1

short declarations provide only unsupported general denials, which the Second Circuit has made clear are insufficient to defeat a motion to compel arbitration. As such, UnitedHealth's motion to compel individual arbitration should be granted. The Complaint should be dismissed. And Mr. Litvinov's motion for conditional certification should be denied as moot.

## ARGUMENT

Plaintiffs' arguments against enforcement of the Arbitration Policy all fail. First, their admissions and concessions are sufficient to compel individual arbitration on motion. Second, their general denials of an agreement to arbitrate are insufficient to create a genuine issue of material fact. Third, Mr. Litvinov's arguments against *res judicata* are unsupported by the language of the Fair Labor Standards Act ("FLSA"), its legislative history, and relevant case law. Fourth, Plaintiffs' arguments against enforcement of the Arbitration Policy all have been rejected by the Second Circuit and their request that the Court stay the resolution of UnitedHealth's motion pending the outcome of a different proceeding is unwarranted and unsupported.

**I.     The Undisputed Facts Establish That Mr. Litvinov and Ms. Lewis Agreed to Arbitrate Their Claims Against UnitedHealth**

Both Mr. Litvinov and Ms. Lewis admit that they in fact received offer letters *before* commencing their employment with UnitedHealth. (Litvinov Decl. ¶ 2; Lewis Decl. ¶ 2.) Both offer letters expressly provided under the conspicuous and unambiguous heading, "**Conditions of Your Employment with UnitedHealth Group**," that the Arbitration Policy "is a binding contract between you and UnitedHealth Group to resolve all employment-related disputes" and that "[y]our agreement to be bound by the terms of the [Arbitration] Policy is a condition of your employment." (Ray Ex. B at 2; Ex. L at 2 (emphasis in original).) Both offer letters further state that "[b]y accepting employment, you will have agreed to all terms of this offer and its attachments." (Ray Ex. B at 2; Ex. L at 3.)

2

Plaintiffs accepted the terms of their offer letters, including binding arbitration of all employment-related disputes under the Arbitration Policy when they commenced their employment. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 582 (2d Cir. 2006) (noting a contract implied in fact may be derived "from the presumed intention of the parties as indicated by their conduct" and is "just as binding as an express contract arising from declared intention" (internal quotations and citation omitted)). This is sufficient to compel Plaintiffs to arbitrate their claims. *Manigault v. Macy's East, LLC*, 318 F. App'x 6, 8 (2d Cir. 2009) (summary order).

Mr. Litvinov's denial that the Arbitration Policy accompanied his offer letter does not alter this result.[2] (Litvinov Decl. ¶ 3; Ray Decl. Ex. B.) Even crediting this unsupported denial (which the Court is not required to do[3]), Mr. Litvinov admits he received the offer letter itself, which expressly states that all employment-related disputes are to be resolved in arbitration in accord with the Arbitration Policy and that by accepting employment he will have agreed to all terms in the offer letter. (Ray Decl. Ex. B.) Mr. Litvinov accepted employment after receiving this letter, thereby accepting all the terms contained in the offer letter. This is sufficient to compel him to arbitrate his claims. *Thomas v. Public Storage, Inc.*, No. 12 Civ. 8804(LTS), 2013 WL 3940857, at *4 (S.D.N.Y. July 31, 2013).

The fact that Plaintiffs do not deny electronically acknowledging UnitedHealth's Employee Handbook is also fatal to their opposition. (Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7; Ray Decl. Exs. J, P.) They do not deny that they accessed and viewed UnitedHealth's Employee

---

[2] Ms. Lewis does not deny that the Arbitration Policy accompanied her offer letter. (*See* Lewis Decl. ¶ 2.)

[3] As explained in Part II, *infra*, unsupported denials are insufficient to create a genuine issue of material fact. As a result, whether Mr. Litvinov's denial that the Arbitration Policy accompanied his offer letter is not taken as true for the purposes of this motion and can be disregarded by the Court because he offers no other evidence to support this claim. *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

3

Handbook during their employment or that they acknowledged being responsible for reading and following it; they just claim they do not remember seeing anything about the Arbitration Policy. (*See* Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7; Ray Decl. Exs. J, P.)

UnitedHealth provided relevant excerpts of the Employee Handbook used in 2007 (when Mr. Litvinov joined the company) and 2012 (when Ms. Lewis joined). (Wachtler Decl. Exs. C, D.) Notably, UnitedHealth's Employee Handbook is not a book at all, but rather is disseminated online in an electronic format. Both versions of the online Employee Handbook indisputably reference the provisions of the Arbitration Policy—and contain an electronic link to its full text. (Wachtler Decl. Ex. C at 3 of section titled Description of Each Step; Ex. D at 2.) In an electronic handbook, there is no practical difference between a link to another document or a link to another page of the Handbook.

Even without following the link, the Employee Handbook itself, which both Plaintiffs do not dispute they read, specifically notes that the Arbitration Policy is a "binding contract" between each employee and UnitedHealth, and that it is "the exclusive forum for the resolution of all employment-related legal disputes." (*Id.*) Even accepting that Plaintiffs never followed the link contained in the Employee Handbook, it is undisputed that they acknowledged and agreed to read and follow the Handbook. (Ray Decl. Ex. J, P; *see* Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7.) This is sufficient to compel arbitration in this matter. *See Chanchani v. Salomon/Smith Barney, Inc.*, No. 99 Civ. 9219(RCC), 2001 WL 204214, at *3 (S.D.N.Y. Mar. 1, 2001) ("Courts in this district routinely uphold arbitration agreements contained in employee handbooks, where, as here, the employee has signed an acknowledgment form.").

Plaintiffs' argument that the Arbitration Policy is not contained in the Employee Handbook is wrong and their reliance on *Hergenreder v. Bickford Senior Living Group, LLC*,

4

656 F.3d 411 (6th Cir. 2011), is misplaced.  (*See* Pls.' Brief at 13.)  In *Hergenreder*, the employer distributed a paper copy of its handbook; it was not available electronically.  (DiNapoli Decl. Ex. A.)  The handbook noted that it was *not* a contract between the employer and its employees and did not mention arbitration.  *Hergenreder*, 656 F.3d at 414.  Instead under a somewhat ambiguous "Dispute Resolution Process" heading it provided, "Please refer to the Eby Companies Dispute Resolution Procedure (DRP) for details," although the DRP was neither provided, nor readily available.  *Id.*  In reaching its holding, the *Hergenreder* court specifically noted that the employer did *not* make its arbitration agreement electronically available to the plaintiff.  *Id.* at 418-19 ("In the present case, however, there is no evidence that the [Arbitration Policy] was 'posted' in a place—either physical or electronic—available to [the plaintiff] . . . .").

Here, both Plaintiffs do not dispute that they electronically acknowledged the online Employee Handbook.  (Ray Decl. Exs. J, P; *see* Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7.)  The do not deny that the Employee Handbook itself expressly provided for arbitration of all employment-related claims under the Arbitration Policy and contained an electronic link to the full text of Arbitration Policy.[4]  (Ray Decl. Exs. J, P; *see* Litvinov Decl. ¶ 8; Lewis Decl. ¶ 7.)

## II. Mr. Litvinov's and Ms. Lewis's Unsupported Denials Are Insufficient to Create a Genuine Issue of Material Fact

The party opposing arbitration "may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried."  *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).  The Second Circuit has made clear that "it is not sufficient for the party opposing arbitration to utter general denials of the facts on which the right to arbitration depends."  *Id.*; *see Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1103 (2d Cir.

---

[4] The acknowledgments both state "I understand that the provisions of the Employee Handbook are guidelines, and, *except for the provisions of the Employment Arbitration Policy*, do not establish a contract or any particular terms or conditions of employment between UnitedHealth Group and myself."  (Ray Decl. Exs. J, P. (emphasis added).)

5

1987) ("A party resisting arbitration on the ground that no agreement to arbitrate exists must submit sufficient evidentiary facts in support of this claim in order to precipitate the trial contemplated by 9 U.S.C. § 4.").

Several courts in this Circuit have compelled arbitration where the plaintiff offered only general denials or claimed that she did not recall receiving an employee handbook containing an arbitration policy. In *Brown v. St. Paul Travelers Cos.*, 559 F. Supp. 2d 288 (W.D.N.Y. 2008), the employer's handbook contained an arbitration policy. The employer distributed the handbook to its employees each time it was revised. *Id.* at 289-90. The employer also sent out a company-wide email noting that it was the employee's responsibility to read and understand all of the company's employment policies and their agreement to abide by the policies was an express condition of continuing employment. *Id.* at 290. The plaintiff did not sign or acknowledge that she received the handbook. *Id.*

When the plaintiff filed a lawsuit in court, the employer moved to compel arbitration. The plaintiff opposed the motion, stating that she had no recollection or record of receiving the handbook. *Id.* The district court held that the plaintiff's statements were not sufficient to raise a genuine issue of material fact, granted the defendant's motion to compel arbitration without a trial on this issue, and dismissed the complaint. *Id.* at 291-92. The Second Circuit affirmed, noting "'[p]laintiff's statement, that she has no recollection or record of receiving the employee handbook and arbitration policy, despite the fact that it was distributed on at least six occasions during her employment, is . . . not sufficient to raise a genuine issue of material fact.'" *Brown v. St. Paul Travelers Cos.*, 331 F. App'x 68, 70 (2d Cir. 2009) (summary order) (quoting the district court's opinion).

Similarly, the plaintiff in *Thomas v. Public Storage, Inc.*, No. 12 Civ. 8804(LTS), 2013 WL 3940857 (S.D.N.Y. July 31, 2013), denied that she signed, or even saw, the employer's arbitration agreement and alleged that her manager must have acknowledged the arbitration agreement on her behalf without her knowledge during the "on boarding" process. *Id.* at *1. The plaintiff, however, did not dispute that she signed an offer letter stating "[a]s part of the hiring process and as a condition of employment, all employees are required to sign an arbitration agreement as well as acknowledge and agree to all company policies." *Id.* at *3. The plaintiff also did not dispute that she electronically signed an acknowledgment confirming receipt of the employer's handbook. *Id.* The handbook, in turn, stated that "[a]ll employment at [the company] is subject to and conditional upon agreeing to final and binding arbitration arising out of the employment relationship." *Id.* (alteration in original). In light of these facts, the court held that the plaintiff "failed to raise a genuine issue of fact as to whether she assented to arbitration of [the] employment-related dispute," compelled arbitration without a trial on the issue, and dismissed the case. *Id.* at *3-4.

Looking past what Plaintiffs admit (or do not deny), the balance of their short declarations offer only the types of general denials or incomplete memories rejected by the Second Circuit and numerous district courts in the Circuit. No supporting documents or declarations from other witnesses were provided to support their claims. UnitedHealth provided over twenty separate exhibits demonstrating that Plaintiffs were aware of and agreed to the Arbitration Policy.[5] Plaintiffs' general denials and lack of supporting evidence are insufficient to

---

[5] Some denials Plaintiffs put forth are plainly contradicted by the undisputed evidence. For example, Ms. Lewis's sworn statement that she did not sign any documents advising that her acceptance of employment with UnitedHealth is deemed to be an acceptance of the Arbitration Policy is plainly contradicted by Exhibit N attached to the Declaration of Deveri Ray. Ms. Lewis does not deny that this is in fact her signature, which appears on the very same page that notes "[a]cceptance of employment or continuation of employment with UnitedHealth Group is deemed to be acceptance of this Policy." (Ray Decl. Ex. N.)

7

create a genuine issue of material fact that would necessitate a trial on the issue or prevent a court from compelling arbitration.

### III. Mr. Litvinov's Failure to Challenge His Agreement to the Arbitration Policy in *Torres* Bars Him From Doing So Here

Mr. Litvinov's arguments against the application of *res judicata* in this matter ignore the plain text of the FLSA and its legislative history concerning opt-ins. The FLSA makes no distinction between named plaintiffs and opt-in plaintiffs; it uses no such terms. *See* 29 U.S.C. § 216(b) (providing that an individual who files written consent to join an action "shall be a party plaintiff"). This is in accord with the legislative history indicating that Congress amended the FLSA to require those joining the action to file written consent in order to ensure each plaintiff had a personal interest in the outcome. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989). In short, opt-ins are not different from named plaintiffs and are bound by the judgment in a case. *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). Mr. Litvinov's own proposed notice to potential opt-ins that accompanied his premature motion for conditional certification recognizes this very principal. (Kessler Decl. Ex. Q, ECF No. 14-17 at 3 ("If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable.").)

Mr. Litvinov's argument that the *Torres* judgment does not have a preclusive effect because it involved different transactions requiring different evidence under different facts, (Pls.' Brief at 6.), leaves out one crucial consideration: *res judicata* applies when claims *could have* been raised in a prior action against the same defendant but were not—even if these claims are based upon different legal theories. *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999) (per curiam). Mr. Litvinov's claims here arise out of the same transaction at issue in *Torres*; namely, UnitedHealth's alleged failure to pay overtime wages under the FLSA

8

and New York Labor Law to those employed in New York as Medicaid Sales Representatives. Because he chose not to dispute the Arbitration Policy in *Torres*, he is precluded from doing so here. His argument that UnitedHealth was somehow obligated to raise the issue of his agreement to its Arbitration Policy in *Torres* is misguided. (*See* Pls.' Brief at 8.) It was Mr. Litvinov who was obligated to raise the argument that he did not agree to arbitrate his claims against UnitedHealth. He chose not to do so and is bound by the consequences of that choice.

## IV. The National Labor Relations Act Does Not Trump Enforcement of the Arbitration Policy Under the Federal Arbitration Act

Plaintiffs' arguments that the NLRB's decision in *D.R. Horton*, 357 NLRB No. 184 (Jan. 3, 2013), should prevent enforcement of the Arbitration Policy reheats old soup. The same arguments were raised and rejected in *Torres v. United Healthcare Services, Inc.*, 920 F. Supp. 2d 368, 378-79 (E.D.N.Y. 2013) ("Thus, the Court finds that *D.R. Horton*'s holding is inapplicable here and that the NLRA does not preclude enforcement of the Arbitration Agreement's collective action waiver."). More importantly, the same arguments were raised and rejected by the Second Circuit in *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2d Cir. 2013) (declining to follow *D.R. Horton* or give any deference to its reasoning). And after the Second Circuit decided *Sutherland*, the Fifth Circuit vacated the portion of the NLRB's holding in *D.R. Horton* upon which Plaintiffs rely. *D.R. Horton v. NLRB*, 737 F.3d 344, 355-64 (5th Cir. 2013). Plaintiffs' quixotic insistence that a class and collective action waiver contained in an arbitration agreement violates the NLRA has been rejected by every Circuit Court of Appeals that has considered the issue. *See e.g.*, *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013).

Plaintiffs request that UnitedHealth's motion be stayed pending a determination by the NLRB is unwarranted. Plaintiffs offer no authority to support their request. The resolution of

9

the NLRB complaint, to which UnitedHealth has responded with a complete denial, could take over a year as the NLRB's determinations are not self-enforcing but rather require an order from a Circuit Court of Appeals.  *See D.R. Horton*, 737 F.3d at 355-64 (refusing to enforce the Board's order invalidating class and collective action waivers contained in private arbitration agreements).  Such an unnecessary delay is not warranted, especially considering another district court already found the Arbitration Policy fully enforceable, which is now supported by Second Circuit precedent.  *Torres*, 920 F. Supp. 2d at 378-79; *Sutherland*, 726 F.3d at 299.

## CONCLUSION

For all the foregoing reasons, Plaintiffs should be compelled to arbitrate their claims against UnitedHealth on an individual basis and without the need for a trial, and the Complaint should be dismissed.  Mr. Litvinov's motion for conditional class certification that was extended *sine die* pending the Court's determination on UnitedHealth's motion to compel individual arbitration and dismiss the Complaint should be denied as moot.  *Dixon v. NBCUniversal Media LLC*, 947 F. Supp. 2d 390, 405-06 (S.D.N.Y. 2013) (denying as moot a motion for conditional certification where the defendant's motion to compel arbitration was granted).

Dated: New York, New York
       March 3, 2014

                                          Respectfully submitted,

                                          SEYFARTH SHAW LLP

                                          By:   /s/  Christopher H. Lowe
                                                    Christopher H. Lowe
                                                    John T. DiNapoli
                                          620 Eighth Avenue
                                          New York, New York 10018
                                          Tel: (212) 218-5500
                                          Fax: (212) 218-5526
                                          clowe@seyfarth.com
                                          jdinapoli@seyfarth.com

                                          *Attorneys for Defendant UnitedHealth Group Inc.*