UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
MAXIM LITVINOV, on behalf of himself &        :
all others similarly situated,                :
                                              :
                                              :    13 Civ. 8541 (KBF)
                           Plaintiff,         :
         -v-                                  :    MEMORANDUM
                                              :    DECISION & ORDER
UNITEDHEALTH GROUP INC.,                       :
                                              :
                           Defendant.         :
------------------------------------------------------------ X

```
┌──────────────────────────────┐
│ USDC SDNY                     │
│                               │
│ DOCUMENT                      │
│                               │
│ ELECTRONICALLY FILED          │
│            MAR 1 1 2014       │
└──────────────────────────────┘
```

KATHERINE B. FORREST, District Judge:

On December 2, 2013, plaintiff Maxim Litvinov ("Litvinov") filed this action

against UnitedHealth Group, Inc. ("defendant" or "UHG"), alleging violations of the

Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for

failing to pay overtime compensation. (Compl. ¶¶ 1, 4, Dec. 2, 2013, ECF No. 1.)

On January 3, 2014, Tamika Lewis ("Lewis") filed a consent form to become a

plaintiff in this action pursuant to the FLSA. (ECF No. 4.)[1] On February 12, 2014,

defendant filed a motion to compel arbitration and dismiss the Complaint. (ECF

No. 23.)[2] That motion became fully briefed on March 3, 2014.

---

[1] Another individual, Giovanni Rodriguez, also filed a consent form to become a
plaintiff under the FLSA (see ECF No. 5), but withdrew his consent on February 4,
2014. (ECF No. 12.)
[2] Prior to this, on February 4, 2014, Litvinov and Lewis filed a motion for
conditional certification and Court-authorized notice pursuant to Section 216(b) of
the FLSA. (ECF No. 13.) On February 5, 2014, the Court extended defendant's
opportunity to respond to that motion pending a determination on the motion to
compel arbitration. (ECF No. 19.)

1

For the reasons set forth below, the Court hereby GRANTS defendant's motion, compels arbitration, and dismisses the Complaint.

I.    RES JUDICATA

The principles of res judicata bar Litvinov's claims.  Litvinov opted in as a plaintiff to an almost identical lawsuit brought in the Eastern District of New York, Torres v. United Healthcare Services, Inc.  The allegations there covered the same work and made the same claims.  (Compare Compl. ¶ 4 with Declaration of Christpher H. Lowe ("Lowe Decl."), Ex. A ¶ 2.)  That action was dismissed in favor of arbitration.  Any assertion that Litvinov's claim somehow did not require arbitration could and should have been made then.  It was not.  (Defendant's Memorandum of Law in Support of its Motion to Compel Individual Arbitration and Dismiss the Complaint ("Def.'s Mem.") at 1.)

Litvinov argues res judiciata is inapplicable because in the Torres case, UHG's motion to compel arbitration relied solely on evidence concerning the three named plaintiffs and the court compelled arbitration on the basis of that evidence. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Compel Individual Arbitration and Dismiss the Complaint and Plaintiff's Demand for Jury Trial ("Pls.' Mem.") at 3-4.)

This argument is meritless.  First, plaintiffs' contention that "UHG moved to compel only the three Torres plaintiffs to arbitration" (Pls.' Mem. at 2) (emphasis added) is incorrect:  the plain language of the motion seeks to dismiss the Complaint with prejudice and require "specific performance by Plaintiffs of their

agreements with Defendant to arbitrate their claims individually . . . ." (Lowe Decl., Ex. D.)  The motion does not limit its requests for relief to only the three named plaintiffs.[3]

Moreover, a review of the timeline of the Torres litigation illustrates that Litvinov had a sufficient opportunity in Torres to raise the issues now before this Court.  The Torres Complaint was filed on February 27, 2012.  On June 14, 2014, Litvimov opted in (and was represented by his current law firm, Shulman Kessler LLP), and on June 22, 2012, UHG filed a motion to compel arbitration and dismiss the entirety of the Complaint on the basis that plaintiffs' claims were subject to arbitration.  On August 6, 2012, the Torres plaintiffs opposed the motion (which was submitted by Shulman Kessler LLP).  As an opt-in plaintiff, that opposition included Litvinov.  On February 1, 2013, the court granted UHG's motion, and on February 27, 2013, the plaintiffs filed a notice of appeal.  While the appeal was pending, the parties agreed that plaintiffs would withdraw their appeal subject to reinstatement within nine months or 45 days after the issuance of a Second Circuit decision that dealt with relevant issues.  On March 5, 2013, UHG notified Litvinov's

_____

[3] Litvinov also argues he is not precluded by res judicata because the trial court took no action on his consent form prior to dismissing the case. (Pls.' Mem. at 9 (citing Lynch v. United Servs. Auto Ass'n, 491 F. Supp. 2d 357 (S.D.N.Y. 2007).) The Court finds this argument unavailing. First, the Torres decision does not limit the relief it ultimately granted to only the three named plaintiffs. (See Lowe Decl., Ex. E at 17.) Second, if Litvinov believed he was technically not part of the Torres action at the time the case was dismissed, he should have raised such issue at that time. Long after the fact, the argument – unsupported but-for one non-binding case – appears to be nothing more than a last-ditch effort by Litvinov to obtain a second bite at the apple.

counsel that UHG could not locate his electronic acknowledgment of the Arbitration Policy. (Pls.' Mem. at 11 n.7.) Nonetheless, plaintiffs failed to reinstate their appeal and/or seek to raise the issue of the missing electronic acknowledgment; instead, they allowed the time to reinstate their appeal expire on September 26, 2013.[4]

Litvimov sat on his rights for more than a year in Torres, and he may not now obtain a second bite at the apple. See St. Pierre v. Dyer, 208 F.3d 394, 399-400 (2d Cir. 2000) ("Under the doctrine of res judicata . . . a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action") (internal quotation marks and citation omitted) (emphasis added). Indeed, this is the precise situation which the doctrine of res judicata seeks to prevent; it is a waste of defendant's time and because it seeks to relitigate an already-resolved set of circumstances, a waste of judicial resources.[5]

---

[4] On November 26, 2013, more than eight months after the case had been decided and closed, Litvinov filed a Notice of Voluntary Dismissal that stated he voluntarily dismissed the Torres action without prejudice pursuant to Federal Rule of Civil Procedure 41. (Lowe Decl., Ex. J.)

[5] Plaintiffs argue that "[t]he determination of whether there is an agreement to arbitrate must be made on an individual-by-individual basis," and accordingly, "[t]he evidence needed to support UHG's motion in Torres was different than the evidence it needs here because proof that the named plaintiffs in Torres agreed to arbitrate their claims has no bearing on whether Litvionv agreed to arbitrate his claims." (Pls.' Mem. at 7 (citing cases).) This does not negate the fact that Litvinov could have, and should have, raised the fact that UHG failed to put forth his signed acknowledgment form in support of their motion.

II.    ASSENT TO ARBITRATION POLICY

Even if Litvinov's claims were not barred by res judicata, they are nonetheless subject to arbitration.  Both Litvinov and Lewis have failed to raise a triable issue of fact regarding whether they assented to UGH's Arbitration Policy.

Courts review motions to compel arbitration under a summary judgment standard.  Thomas v. Public Storage, Inc., 957 F. Supp. 2d 496, 499 (S.D.N.Y. 2013).  Such a motion may be granted "'when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law.'"  Id (citing Cohen v. UBS Fin. Servs., Inc., No. 12 Civ. 2147, 2012 WL 6041634, at *1 (S.D.N.Y. Dec. 4, 2012)).  "Whether or not the parties have agreed to arbitrate is a question of state contract law."  Schnabel v. Trilegiant Corp., 697 F.3d 110, 119 (2d Cir. 2012) (citation omitted); see also Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987) ("[W]hile the [FAA] requires a writing, it does not require that the writing be signed by the parties.").

Despite Litvinov's arguments to the contrary, there is no question of fact that Litvinov received notice of and assented to the Arbitration Policy.  First, Litmov does not dispute that he received an offer letter, which stated:

> Included with this letter is [UHG's] Employment
> Arbitration Policy.  The Policy is a binding contract
> between you and [UHG] to resolve all employment-related
> disputes that are based on a legal claim through
> arbitration, and mutually waive the right to a trial before
> a judge or jury in court in favor of final and binding
> arbitration.  Your agreement to be bound by the terms of

> the Policy is a condition of your employment. Once you
> are on board, you will be required to electronically
> acknowledge in Employee Self Service your
> understanding of the Policy.

(Declaration of Deveri Ray ("Ray Decl."), Ex. B.) This letter made clear that if

Litvinov worked for UHG, he would have agreed to arbitrate any issues that later

arose.

Moreover, while Litvinov's argues he never received a copy of the Arbitration

Policy (he concedes that he received the offer letter) (Declaration of Justin M.

Swartz in Support of Plaintiff's Memorandum of Law in Opposition to Defendant's

Motion to Compel Arbitration and Dismiss the Complaint and Plaintiff's Demand

for Jury Trial ("Swartz Decl."), Ex. 5 ¶¶ 2-3), UHG puts forth a declaration stating

that the Arbitration Policy[6] was mailed to Litvinov as an enclosure to the offer

letter and that it was not returned as undeliverable. (Ray Decl. ¶ 6.) While not

binding on this Court, the Second Circuit indicated in Manigault v. Macy's East,

LLC that if a document is mailed in the ordinary course of business, a presumption

of receipt is created and the fact that the alleged recipient denies having received

the mailing is alone insufficient to rebut that presumption. 318 Fed. App'x 6, 7 (2d

Cir. 2009).[7] The fact that there is clear evidence the Arbitration Policy was sent to

Litvimov undermines his contention that he never received a copy of the Policy.[8]

---

[6] The Policy states in boldface type: "Acceptance of employment or continuation of
employment with [UHG] is deemed to be acceptance of this Policy." (Ray Decl., Ex.
B.)

[7] In Alvarez v. Coca-Cola Refreshments, USA, Inc., 914 F. Supp. 2d 256 (E.D.N.Y.
2012), the court rejected the presumption where an employee claimed to have never

Similarly, there is no triable issue of fact as to whether Lewis received sufficient notice of and assented to the terms of the Arbitration Policy. Not only did Lewis's offer letter (like Litvimov's) contain language notifying her of the existence of the Arbitration Policy, but Lewis signed a document on which the first page of the Arbitration Policy was actually included. (See Ray Decl., Ex. L (stating in boldface type: "Acceptance of employment or continuation of employment with [UHG] is deemed to be acceptance of this Policy").)[9] Moreover, defendant has put forth an exhibit that indicates Lewis electronically acknowledged that she received and reviewed the Arbitration Policy on December 17, 2012 at noon and again at 1:59 p.m. (Declaration of Arley Anderson ("Anderson Decl.") ¶ 13, Ex. A.) While the acknowledgement date for the electronic copy of the Arbitration Policy stored in

---

received the materials explaining the arbitration policy. The court reasoned: "Providing notice is different from forming a contract. The [arbitration] materials were not intended merely to place [the employee] on notice; instead, the materials unilaterally extended an offer to an unwitting recipient and informed him that complete non-action would be interpreted as a manifestation of assent to the offer." Id. at 258. Here, there is no question that plaintiffs were on notice of the existence of the Arbitration Policy (and its binding nature); they were not "unwitting recipients" of the Policy.

[8] Additional evidence that Litvimov received notice of the Arbitration Policy consists of: (1) the electronic employee handbook, which Litvimov acknowledged he was responsible for reading, described and contained a link to the Policy – the handbook itself stated Arbitration Policy "is a binding contract between you and [UHG]" and that "[a]rbitration is the exclusive forum for the resolution of all employment-related disputes" (Declaration of Gregory Wachtler ("Wachtler Decl.") ¶ 9, Feb. 10, 2014); and (2) the Arbitration Policy was explained during New Employee Orientation (Ray Decl. ¶ 2).

[9] While Lewis's signature concerned a matter unrelated to the Arbitration Policy, the document nonetheless provides evidence that Lewis received notice of its existence and of the fact that if she worked for UHG, she would be bound by its terms. (Ray Decl., Ex. N.)

UGH's database is August 15, 2013 (after Lewis's employment ended), UHG provides an affidavit explaining that the incorrect date resulted from a glitch in the system. (Id. ¶ 14.)[10]

Put simply, there is no question that Litvimov and Lewis were on notice about the Arbitration Policy and the fact that if they began and/or continued working for UHG, they would be deemed to have assented to its terms.[11]

III.   CONCLUSION

For all of the aforementioned reasons, the Court hereby GRANTS defendant's motion to compel arbitration and to dismiss the Complaint.  The Clerk of Court is directed to close the open motions at ECF Nos. 13 and 23 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            March 10, 2014

                                        K B. For

                                        KATHERINE B. FORREST
                                        United States District Judge

_____

[10] Moreover, Lewis acknowledged attending the New Employees Orientation and being responsible for reading the Employee Handbook, both of which referenced the Arbitration Policy. (Ray Decl., Exs. O, P.)

[11] Plaintiffs also argue that the Arbitration Policy is illegal under the National Labor Relations Act and that at a minimum, the Court should defer its decision until the NRLB rules on the legality of the Policy. (Pls.' Mem. at 18-23.)  For the reasons set forth in Torres, the Court finds the Arbitration Policy enforceable.  The Court declines to withhold a decision pending the NRLB's decision.